IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK LAKEITH BROWN,       :
                             :
         Plaintiff,          :
                             :     CIVIL NO. 3:CV-15-711
     v.                      :
                             :     (Judge Conaboy)
MATT EDINGER, et al.,        :
                             :
         Defendants,         :
                             :

## MEMORANDUM
### Background

This is the latest in a long series of pro se civil actions filed by Derrick Lakeith Brown regarding his incarceration at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). In this matter Brown raises civil rights claims and seeks relief pursuant to the Federal Tort Claims Act (FTCA). Accompanying the Complaint is an application requesting leave to proceed in forma pauperis.

There are fifty-eight (58) Defendants named in the Complaint, including the United States of America; Federal Bureau of Investigation; American Federation of Government Employees; Council of Prisons Locals (the union); officials of the Federal Bureau of Prisons (BOP) and multiple USP-Lewisburg employees including administrators, correctional officers, as well as members of the prison's medical and mental health staffs. See Doc. 1, pp. 1-3. According to the Complaint,

1

while held in the USP-Lewisburg Special Management Unit (SMU) Plaintiff was assaulted and sexually abused by prison Extraction Team.[1] This attack purportedly occurred on April 11, 2013. See id. at p. 4. Following this alleged incident, Brown additionally contends that he was denied needed medical care and that the alleged misconduct, although investigated, was covered up by prison officials.

The Complaint seeks compensatory and punitive damages as well as injunctive relief. Plaintiff also alleges that he is in danger of imminent harm and requests that this matter not be dismissed pursuant to the screening provisions of 28 U.S.C. § 1915(g). See id.

### Discussion

28 U.S.C. § 1915(g) provides that a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff contends that while being escorted by members of the prison's Extraction team, a correctional officer allegedly shoved his fingers into Brown's rectum. See id. at p. 6. Plaintiff adds that he previously filed sexual harassment claims against the team members.

2

As noted above, Plaintiff has an extensive history of filing frivolous lawsuits in this district as well as in other courts. For instance, while incarcerated, Brown previously initiated the following civil actions which were dismissed as frivolous by the United States District Court for the Western District of Tennessee: Brown v. Memphis Police, No. 2:01-2868 (Nov. 13, 2001)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)); Brown v. Shelby County, et al., No. 2:02-2365 (June 19, 2002) (dismissal on grounds that § 1983 complaint is frivolous); Brown v. Shelby County, et al., No. 2:02-2366 (June 19, 2002)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) (ii) and (iii)); and Brown v. Nurse Brown, et al., No. 2:02-2368 (June 27, 2002)(dismissal with observation that Brown has three dismissals of cases as frivolous and thus is subject to § 1915(g)).

Following Plaintiff's transfer to USP-Lewisburg, he filed multiple civil rights actions in this district court which were likewise dismissed under § 1915(g). See Brown v. Kustoff, Civil No. 3:CV-10-200 (M.D. Pa. Jan. 29, 2010)(Conaboy, J.); Brown v. Lappin, 3:CV-09-1732, (M.D. Pa. Nov. 10, 2009)(Vanaskie, J.); Brown v. Bledsoe, et al., Civil No. 3:CV-09-1742, (M.D. Pa. Nov. 17, 2009)(Vanaskie, J.); Brown v. Lappin et al., Civil No. 3:CV-09-1898, (M.D. Pa. Nov. 16, 2009);(Vanaskie, J.); and Brown v. State of Tennessee, et al.,

3

Civil No. 3:CV-09-2153, (M.D. Pa. Nov. 16, 2009)(Vanaskie, J.).

The unconstitutional conduct alleged in Brown's latest action does not place this inmate in danger of imminent "serious physical injury" at the time his Complaint was filed on August 10, 2012. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001); McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged incident). On the contrary, this action primarily centers upon a April 11, 2013 incident which transpired approximately two (2) years prior to the initiation of this Complaint.[2] Since there is no indication that Plaintiff was subjected to any subsequent physical staff abuse during the intervening two year period between the April 11, 2013 incident and the initiation of this action he was not placed at risk of serious physical injury when this action was filed.

It is also noted that the three strikes provisions of § 1915(g) have been applied to FTCA claims. See McCarthy v. Warden, USP Allenwood, 2007 WL 2071891 *1-2 (M.D. Pa. July 18, 2007); Crooker v. United States, 2011 WL 1375613 *2 (D. Mass. April 12, 2011); Bowker v. United States, 2006 WL 2990519 *3-4 (N.D. Ohio Oct. 18, 2006). Pursuant to the above discussion, this action will be dismissed under § 1915(g).

---

[2] It is also noted that there is no factual support for the claims against many of the named Defendants.

Since the dismissal of Brown's action is being entered under § 1915(g) and he is barred from proceeding in forma pauperis, Plaintiff's in forma pauperis application (Doc. 2) and the Administrative Order issued in this matter on April 15, 2015 (Doc. 4) will be vacated. An appropriate Order will enter.

*[signature]*

RICHARD P. CONABOY
United States District Judge

DATED: APRIL 20th, 2015